UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CINDY MOONSAMMY, *et al.*, | | |
| | Plaintiffs, | 24 Civ. 2616 (PAE) |
| -v- | | ORDER |
| DAVID C. BANKS, *et al.*, | | |
| | Defendants. | |

PAUL A. ENGELMAYER, District Judge:

In an opinion and order issued June 3, 2024, the Court granted in part the motion by

plaintiffs Cindy and Kemraj Moonsammy (the "Moonsammys") for a preliminary injunction

pursuant to the "stay-put" provision of the Individuals with Disabilities Education Act, 20 U.S.C.

§ 1415(j). *See* Dkt. 24 ("Pendency Order").[1] In brief, the Pendency Order required the New

York City Department of Education (the "Department") to fund the placement of the

Moonsammys' daughter A.M. at the International Institute for the Brain ("iBrain") until the

resolution of the Moonsammys' challenge to an individualized education program put in place

by the Department on April 20, 2023 ("April 20, 2023 IEP"). *Id.* at 15. This pendency funding

was to cover A.M.'s tuition and the cost of transportation to and from school dating to the start of

the 2023-24 school year. *Id.* at 14–15.

The facts relevant to this controversy, including A.M.'s educational history and the

administrative order that established iBrain as A.M.'s "then-current educational placement" for

---

[1] The Court denied the Moonsammys' motion for a preliminary injunction to the extent they
sought "immediate payment" by the Department, instead holding that "the Department need only
pay the Moonsammys via its 'ordinary payment procedures.'" Dkt. 24 at 15 (quoting *Mendez v.
Banks*, 65 F.4th 56, 63 (2d Cir. 2023)).

"stay-put" purposes, are set out in detail in the Court's Pendency Order. *See* Dkt. 24. The Court

assumes familiarity with that decision. Dkt. 24.

On July 3, 2024, the Department filed a notice of appeal of the Pendency Order. Dkt. 28.

After the Moonsammys represented that the Department had not responded to their requests for

information regarding payments to fund A.M.'s pendency placement, Dkt. 29, on July 23, 2024,

the Court ordered the parties to confer and file a status update on this docket as to the status of

those payments, Dkt. 30. On July 30, 2024, the parties filed a status update, in which the

Department represented that it intended to move for a stay of the Pendency Order. Dkt. 33. That

same day, the Department filed an application to stay the Pendency Order "pending the outcome

of [its] appeal of certain aspects" of that order. Dkt. 34 ("Stay Application"). On August 2,

2024, the Moonsammys filed an opposition to the Department's Stay Application. Dkt. 35.

In an apparent reversal of position from its preliminary injunction briefing, the

Department in its Stay Application "does not dispute that [A.M's] pendency placement is at the

International Institute for the Brain." *Compare* Stay Application at 1, *with* Dkt. 18 (Opposition

to PI). Nor does the Department dispute that its "funding obligation pursuant to pendency

includes reimbursement of A.M.'s tuition and transportation services." Stay Application at 1

(citations omitted). The Department, instead, argues for the first time in this litigation that it is

obligated to fund A.M.'s placement at iBrain not from the beginning of the 2023–2024 school

year but rather from December 6, 2023—the date on which the Moonsammys filed their due

process complaint challenging the April 20, 2023 IEP. *Id.* at 2; Dkt. 10, Ex.1 (Due Process

Complaint). The trigger for its obligation to fund A.M.'s stay-put placement, the Department

now asserts, was the Moonsammys' initiation of administrative proceedings.

2

As the Moonsammys point out, this argument, and the authority cited by the Department in support of it, appears nowhere in the Department's brief opposing the motion for a preliminary injunction. Dkt. 35 (Opposition to Stay); *see also* Pendency Order at 14 ("As the Moonsammys argue, and *the Department does not dispute*, this funding must continue until the Moonsammys' challenge to A.M.'s most recent IEP has been resolved, and must include expenses dating to the start of the 2023-24 school year." (emphasis added)). Given the pendency start date repeatedly advanced by the Moonsammys to that point, the Department could have but did not make this argument in its preliminary injunction briefing. *See* Dkt. 1, at 8 (Complaint) (seeking declaration that "A.M.'s Pendency placement/program [is] at iBRAIN during *the 2023-2024 school year*" (emphasis added)); Dkt. 9 at 14 (arguing that "Plaintiffs are entitled to pendency funding beginning *at the start of the 2023-2024 extended school year*" (emphasis added)). The Department does not identify any reason for its failure to contest the start date of its pendency obligations before the preliminary injunction issued. Nor does it offer any basis to conclude the Second Circuit would deem the issue to have been properly preserved on appeal of the Pendency Order. *See, e.g., New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 662 (2d Cir. 2015) (concluding, on appeal of order granting preliminary injunction, that "Defendants did not raise this argument before the district court, and therefore have forfeited it"); *Katel Liability Co. v. AT & T Corp.*, 607 F.3d 60, 68 (2d Cir. 2010) ("An argument raised for the first time on appeal is typically forfeited." (citations omitted)).

The Court nevertheless is persuaded that the Department's obligation to maintain A.M.'s stay-put placement was not triggered until the Moonsammys initiated the administrative due process proceedings as to the April 20, 2023 IEP, in light of the authority identified by the Stay Application. *See* Dkt. 34, at 2 (quoting *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 445 (2d Cir.

3

2015). Thus, were it empowered to so rule, the Court would be inclined to modify its preliminary injunction to reflect that the Department is obligated to fund A.M.'s placement at iBrain beginning December 6, 2023.

The filing of a timely and sufficient notice of appeal, however, divests the district court of jurisdiction "as to any matters involved in the appeal." *New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 215 (2d Cir. 2020). The Second Circuit has "held that where an appeal of an injunction is pending, Federal Rule of Civil Procedure 62 grants the district court specific authority to 'suspend, modify, restore, or grant an injunction during the pendency of the appeal,' but that the Rule should be 'narrowly interpreted to allow district courts to grant only such relief as may be necessary to preserve the status quo.'" *Id.* (quoting *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. E. Air Lines, Inc.*, 847 F.2d 1014, 1018 (2d Cir. 1988)); *accord. Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53–54 (2d Cir. 2004) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

Because the scope of the Department's pendency obligations is a "matter[] involved in the appeal"—and a modification of the start date of those obligations would alter, not "preserve," the status quo—the Department's filing of its notice of appeal divested the Court of jurisdiction to modify the preliminary injunction. Jurisdiction would be returned to the district court, however, if the appeal were withdrawn or if the Second Circuit were to remand for further consideration of the matters involved in the appeal. *See, e.g., Strougo v. Bassini*, 258 F. Supp. 2d 254, 256–57 (S.D.N.Y. 2003); *Chamberlain v. Aberdeen Asset Mgmt. Ltd.*, No. 02 CV 5870, 2005 WL 1378757, at *1 (E.D.N.Y. Apr. 12, 2005); *Zomber v. Stolz*, No. 09 CV 4637, 2012 WL 1427775, at *2 (E.D.N.Y. Apr. 25, 2012).

Accordingly, if jurisdiction is returned to it, the Court's intention would be to modify the preliminary injunction granted at Docket 24 to reflect that the Department must fund A.M.'s pendency placement from December 6, 2023 forward only. The Department is directed to file a letter on the docket, due Wednesday, August 14, 2024, stating whether, for this purpose, it is prepared to withdraw its appeal or to seek remand, without prejudice to its right to appeal the modified Pendency Order.

SO ORDERED.

_Paul A. Engelmayer_
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: August 9, 2024
       New York, New York

5