UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CINDY MOONSAMMY, *et al.*,

                                Plaintiffs,

-v-

DAVID C. BANKS, *et al.*,

                                Defendants.

24 Civ. 2616 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court assumes familiarity with the facts relevant to this controversy and its procedural history, which are set out in detail in its orders of June 3, 2024, Dkt. 24 ("Pendency Order"), and August 9, 2024, Dkt. 36 ("August 9 Order").

To summarize briefly: On June 3, 2024, the Court granted in part the motion by plaintiffs Cindy and Kemraj Moonsammy (the "Moonsammys") for a preliminary injunction pursuant to the "stay-put" provision of the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(j).[1] Pendency Order at 15. The Pendency Order obligated the New York City Department of Education (the "Department") to fund the placement of the Moonsammys' daughter A.M. at the International Institute for the Brain ("iBrain") until the resolution of the Moonsammys' challenge to an individualized education program put in place by the Department on April 20, 2023 ("April 20, 2023 IEP"). *Id.*

---

[1] The Court denied the Moonsammys' motion for a preliminary injunction to the extent they sought "immediate payment" by the Department, instead holding that "the Department need only pay the Moonsammys via its 'ordinary payment procedures.'" Pendency Order at 15 (quoting *Mendez v. Banks*, 65 F.4th 56, 63 (2d Cir. 2023)).

On July 3, 2024, the Department filed a notice of appeal of the Pendency Order. Dkt. 28. On July 30, 2024, the Department filed an application to stay the Pendency Order "pending the outcome of [its] appeal of certain aspects" of that order. Dkt. 34 ("Stay Application"). On August 2, 2024, the Moonsammys filed an opposition to the Department's Stay Application. Dkt. 35.

In its Stay Application, the Department argued for the first time in this litigation that it is required to fund A.M.'s placement at iBrain not from the beginning of the 2023–2024 school year but rather from December 6, 2023—the date on which the Moonsammys filed their due process complaint challenging the April 20, 2023 IEP. August 9 Order at 2–3. Noting the Department's "apparent reversal of position" from its preliminary injunction briefing, the Court indicated in its August 9 Order that it was nevertheless persuaded by the authority identified by the Department. *Id.* Were jurisdiction returned to it from the Second Circuit, the Court stated, its intention would be to modify the preliminary injunction to reflect that the Department's obligation to maintain A.M.'s stay-put placement was not triggered until the Moonsammys filed the due process complaint on December 6, 2023. *Id.* at 3–4.

The parties thereafter filed with the Second Circuit a stipulation withdrawing the appeal pursuant to Federal Rule of Appellate Procedure 42. Dkt. 39. On August 21, 2024, the Second Circuit issued the mandate returning jurisdiction to this Court. *Id.* That day, the Department filed a letter on this docket notifying the Court that the Department had withdrawn its appeal. Dkt. 40.

For the reasons given in its August 9 Order, the Court modifies the preliminary injunction granted at Docket 24 to require that the Department fund A.M.'s pendency placement from

December 6, 2023 forward only. Such funding includes A.M.'s tuition and transportation services, but not her nursing services. *See* Pendency Order at 14 n.5, 15.

In light of the Department's withdrawal of the appeal, its Stay Application is denied as moot. The Clerk of the Court is respectfully directed to terminate the motion pending at docket 34.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: August 22, 2024
      New York, New York

3